## McGraghan v. Saienni

C.P. of Delaware County, no. 95-9634.

*William A. George,* for plaintiff.
*Allen H. Tollen,* for defendant.

BATTLE, *J.,* August 7, 1996—The issue in this case is whether this court should exercise jurisdiction in a custody matter when a custody decree exists in another state. After a hearing, this court finds that it is appropriate to exercise jurisdiction. Accordingly, this court will deny the preliminary objections by the petitioner, Louis M. Saienni.

On August 7, 1995, the respondent, Pennie J. Mc-Graghan, filed a complaint to confirm custody of her

son, Douglas James Saienni. Douglas's father, Mr. Saienni, filed preliminary objections to Ms. Mc-Graghan's complaint in which he argued that this court should decline jurisdiction. After an in-chambers meeting with the attorneys and Douglas, this court signed an order on October 27, 1995 (effective September 1, 1995) placing Douglas in the temporary physical custody of Ms. McGraghan. The order also stated that Mr. Saienni would have visitation on the weekends of November 3, and 10, of 1995, and every other weekend thereafter. This court did not make a determination concerning jurisdiction when the temporary order was entered.

A hearing on jurisdiction was held on June 12, 1996. During the hearing, Mr. Saienni argued that this court cannot accept jurisdiction in this case, because of a consent order regarding custody and visitation that was entered on February 10, 1989 in the Family Court of the State of Delaware. (Pennie J. Saienni v. Louis M. Saienni; Family Court of the State of Delaware file number 42,753.) That order provided for joint custody with Mr. Saienni receiving primary physical custody and Ms. McGraghan receiving visitation every weekend. During the summer, the order provided that Douglas would live primarily with Ms. McGraghan and that Mr. Saienni would have weekend custody rights. At the time of the consent order, Ms. McGraghan lived in Delaware. Today, she lives in Honeybrook, Pennsylvania. Mr. Saienni has resided in Berlin, Maryland for the past eight years.

Ms. McGraghan filed her complaint for custody during the summer of 1995. At the June 12 hearing, Ms. McGraghan argued that this court should exercise jurisdiction because it would be in the best interests of Douglas. She argued that Douglas would be better cared for if he lived with her and her husband. While living with Ms. McGraghan, Douglas is actively involved with the Boy Scouts along with his stepfather, has his own room, and goes to a good school where he is getting

good marks. Ms. McGraghan stated that if Douglas were to remain in Maryland with his father, then he would go to an unsafe school where a student was recently killed, that he would have to share a bedroom, and he would have to live in his father's house which has had snakes crawl into it and has a tick problem, because the lawn is not maintained.

Section 5344 of the Uniform Child Custody Jurisdiction Act, 23 Pa.C.S. §5341 et seq., provides the basis for a court to exercise jurisdiction in a custody matter. Under 23 Pa.C.S. §5344, a court can exercise jurisdiction if one of five situations is present. 23 Pa.C.S. §5344 (a)(1)-(5). The first situation is referred to as "home state jurisdiction." 23 Pa.C.S. §5344(a)(1). In this case, at the time of the filing of Ms. McGraghan's complaint for custody, the home state would not be Pennsylvania. Yet, it has been held that "the determination of 'home state' does not end the inquiry." *Dincer v. Dincer,* 446 Pa. Super. 1. 8, 666 A.2d 281, 284 (1995). See also, *Hattoum v. Hattoum,* 295 Pa. Super. 169, 441 A.2d 403 (1982).

An interesting case regarding the exercise of jurisdiction by a court not within the home state is of *Baines v. Williams,* 431 Pa. Super. 72, 635 A.2d 1077 (1993). In *Baines,* the husband reacted violently to his wife's decision to leave him. The husband put the wife's head through a wall and then he left with their three children, telling his wife that she would never see them again. The wife then left their home in Alabama for her childhood state of Pennsylvania. About two months after the incident, the wife received a call from her husband's sister. The sister stated that she was taking care of the children and that the wife should come to Alabama to retrieve them, because the husband went away for a couple of weeks. When the wife returned to Alabama, she found the children with head lice and in dirty clothes with holes in them. She also discovered that the oldest child was not attending school regularly.

Upon returning to Pennsylvania, the wife filed a complaint for custody. Meanwhile, the husband had received an order prohibiting either party from removing the children from Alabama without written consent from the court. After the husband learned that the children were in Pennsylvania, a contempt hearing was held in Alabama and the husband received temporary custody of the children. Based on the pending nature of the Alabama custody case, the Bucks County Common Pleas Court refused to take jurisdiction.

The Superior Court stated that under a home state analysis under the Uniform Child Custody Jurisdiction Act, it would have to rule that Alabama should have jurisdiction. *Baines, supra* at 80, 635 A.2d at 1081. Yet, the Superior Court concluded that it was not limited to a home state test. *Id.* at 79-80, 635 A.2d at 1080-81. "Under section 5344, then, jurisdiction under the UCCJA may be based on home state jurisdiction, [and] 'significant contacts . . . .' " *Id.* at 79, 635 A.2d at 1080. 23 Pa.C.S. §5344. The Superior Court found that jurisdiction in Pennsylvania could be appropriate under a "significant contacts" test. *Id.* at 80, 635 A.2d at 1081. The Superior Court stated that significant contacts could be found in that the wife was the primary caretaker and the children were well-fed, clothed and had many young relatives and friends to play with in the area. *Id.* The Superior Court stressed that it must be in the best interests of the child for a trial court to exercise jurisdiction in this type of situation. *Id.* at 79, 635 A.2d at 1081.

Additionally, while the Superior Court noted that while 23 Pa.C.S. §5349(b) allows a court to decline jurisdiction where a custody decree exists in another state when the petitioner has "improperly retained the child after a visit," the interest of the child must be reviewed and jurisdiction should not be declined if required in the best interests of the child. *Id.* at 81-82,

635 A.2d at 1081-82. 23 Pa.C.S. §5349(b). The Superior Court concluded that the wife had met her burden due to the husband's actions in originally obtaining the children and the condition of the children when the wife found them in Alabama. *Id.* at 82, 635 A.2d at 1082.

In the case at bar, jurisdiction will not be declined under 23 Pa.C.S. §5349 which allows a court to decline jurisdiction by reason of conduct. During the hearing, this court met privately with Douglas, who is age 12, and the parties' respective attorneys. When asked by this court where he wanted to live, Douglas stated that he preferred to live with his mother. He also did not want to return to the school in Maryland mostly due to the fact that a student was killed there recently. Douglas mentioned that he gets ticks while in Maryland which his mother has to pull off when he visits her. Douglas also stated that he was doing well in the school that he is attending now. Under 23 Pa.C.S. §5349(b), Ms. McGraghan has proven that it is in the best interests of the child that this court should assume jurisdiction. 23 Pa.C.S. §5349(b).

Mr. Saienni argues that *Baines* is not relevant and that section 5349(b) should control this case. Furthermore, he states that this court recently refused jurisdiction to hear a mother's complaint in custody where the child was living with the father in Maryland for over two years. *Sims v. Jefferson,* Delaware County Court no. 95-5066 (Judge Battle, November 3, 1995). The *Sims* case is not applicable here. This court refused jurisdiction in the *Sims* case after concluding that the mother's connection with Pennsylvania was no more significant than the father's connection with Maryland. *Sims,* pp. 4-5. Also, it was not in the best interests of the child to have jurisdiction in Pennsylvania. *Sims,* p. 4. The child had been living in Maryland for two years and the mother did not produce any evidence that the child was not well-off. *Sims,* p. 4. Thus, in *Sims,* this court used a home state test.

In the case at bar, jurisdiction under 23 Pa.C.S. §5344(a)(2), (referred to in *Baines* as the "significant

contacts" section) is appropriate. *Baines, supra* at 79, 635 A.2d at 1080. It is in the best interests of Douglas for this court to exercise jurisdiction. 23 Pa.C.S. §5344(a)(2). Ms. McGraghan has presented enough evidence "concerning the present or future care, protection, training and personal relationship of the child." 23 Pa.C.S. §5344(a)(2)(ii). Douglas is being taken care of by his mother and his stepfather. He is going to a fine school where he is doing well in his grades. Finally, Douglas has also expressed a preference to live with his mom. Further, the court in which the prior custody order was entered was in Delaware. Neither party has lived in Delaware for a period of years.

Thus, this court concludes that jurisdiction is appropriate in Pennsylvania under the significant contacts and the best interests of the child tests.

## ORDER

And now, to wit, August 7, 1996, it is hereby ordered and decreed that jurisdiction will be exercised by this court.